IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRUCE O. SCARBROUGH,**

                                          Hon.

      **Plaintiff,**                        Case No.

v.

**MIDLAND FUNDING, LLC.**
**MIDLAND CREDIT MANAGEMENT, INC.**

      **Defendant.**

---

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney for Plaintiff
2000 Town Center, #1900
Southfield MI 48075
Tel: (248) 642-6268
Fax: (248) 659-1733
brianparker@collectionstopper.com
www.collectionstopper.com

---

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, **BRUCE O. SCARBROUGH**, by and through counsel, The Law Offices of Brian Parker, PC, brings this action against the above listed Defendant, **MIDLAND FUNDING, LLC**, and **MIDLAND CREDIT MANAGEMENT** on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq.*

## II. PARTIES

1.

The Plaintiff, **BRUCE SCARBROUGH** is a natural person and consumer and a resident of Clare County, State of Michigan as defined by 15 U.S.C. 1692a, and a "consumer" as defined by the FDCPA.

2.

The Defendant, **MIDLAND FUNDING, LLC,** is a debt collector and servicer of consumer debts, and a California corporation with its resident agent location in East Lansing, Ingham County, State of Michigan.

3.

The Defendant, **MIDLAND CREDIT MANAGEMENT,** is a debt collector and servicer of consumer debts, and a California corporation with its resident agent location in East Lansing, Ingham County, and State of Michigan.

## III. JURISDICTION AND VENUE

4.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. Sec. 1692k(d), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1367. Venue in this judicial district is proper because the pertinent events took place here at Plaintiff's home through letters, phone calls and lawsuit.

## IV. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

Defendants are debt collectors because at the time they received the debt and servicing rights of the debt, it was in default. 15 U.S.C. Sec. 1692a(6)(F)(iii).

10.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

12.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## MICHIGAN COLLECTION PRACTICES ACT (RCPA)

13.

The Michigan Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

14.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

15.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be

owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

16.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

17.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

18.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

19.

"The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner v The Law Offices of Michael P. Margelefsky*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## V. FACTUAL ALLEGATIONS

20.

As a result of Identity Theft, Plaintiff was sued by an attorney collection firm on behalf of Midland Funding, LLC which owned a Bank of America debt for approximately $5900 that Plaintiff never signed for or owed to Bank of America.

21.

Plaintiff litigated the case with the law firm and Defendant Midland Funding and the court in the case dismissed the case against Plaintiff without prejudice. **Please See Exhibit 1**.

22.

Prior to the litigation and after the case was dismissed, Defendant Midland kept putting the debt on Plaintiff's credit reports even though Midland Funding was aware Plaintiff had informed them that "This is not my account, the OC account was made by an ID Thief, Please validate this account." **Please see Exhibit 2**. Neither Defendant has validated the debt showing Mr. Scarbrough owed on the debt to Defendants or Bank of America.

23.

Defendant Midland Credit Management was also pulling Mr. Scarbrough's credit reports even though Plaintiff does not owe the debt. **Please see Exhibit 3**.

24.

Plaintiff eventually got the negative credit trade lines removed from his credit reports. However, now Mr. Scarbrough is receiving debt collection attempts from Defendant Midland Credit Management, Inc. for $10,276.50 masked as Defendant's attempt to fix the identity theft even though the debts have been removed from Plaintiff's credit reports again. **Please see Exhibit 4**

25.

Defendants are contacting Plaintiff again and because the first lawsuit against him was dismissed without prejudice, this new round of collection attempts has Plaintiff fearful that he will be sued again and his credit report will be negatively impacted all over again.

26.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

27.

Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a.  Defendants violated 15 U.S.C. (10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer without following the FDCPA (Paragraph 20-25); and

b.  Defendant violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

       as stated above with the lawsuit and subsequent collection attempts (Paragraph 20-25); and

c. Defendant violated 15 U.S.C. 1692e(5) for suing Mr. Scarbrough on a debt he does not owe to Defendants or Bank of America (Paragraph 20-21); and

d. Defendant violated 15 U.S.C. 1692e(8) by communicating to any person credit information which is known or which should be known to be false regarding the amount owed and that Mr. Scarbrough owes the debt ((Paragraph 22-24); and

e. Defendant violated 15 U.S.C. 1692f(1) seeking to collect interest and charges on the subject debt not expressly authorized by the original credit card agreement (Paragraph 20 and Paragraph 24).

**WHEREFORE**, plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Actual damages;

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d. Such further relief as the court deems just and proper.

### Count 2- Michigan Collection Practices Act

28.

Plaintiff incorporates the foregoing paragraphs by reference.

29.

Defendants have violated the MCPA. Specifically:

a. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b.  Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor; and

c.  Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore**, plaintiff, individually and on behalf of all others similarly situated, requests that the Plaintiff is entitled to:

a.  Statutory damages, Actual Damages, trebled, for plaintiff pursuant to M.C.L. § 445.257; and

b.  Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

**WHEREFORE**, Plaintiff prays that the Court grants the following relief against the Defendants:

1.  For compensatory damages;
2.  For statutory damages under the FDCPA and RCPA;
3.  For attorney's fees and costs incurred in this action under the FDCPA and RCPA;
4.  For Actual Damages under the FDCPA and RCPA, and
5.  For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Dated: February 18, 2015.

Respectfully submitted,

/s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff